WO                                                                                      SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                  Plaintiff,<br><br>vs.<br><br>Manuel Dominguez-Barajas,<br><br>             Defendant/Movant. | No.  CV 13-0959-PHX-GMS (BSB)<br><br>      CR 12-0696-PHX-GMS<br><br>**ORDER** |

Movant Manuel Dominguez-Barajas, who is confined in the Federal Correctional Institution in Yazoo City, Mississippi, has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  The Court will summarily dismiss the § 2255 Motion.

**I.     Procedural History**

Pursuant to a plea agreement, Movant pleaded guilty to re-entry of a removed alien, in violation of 8 U.S.C. § 1326(a) & (b)(1).  The plea agreement provided that Movant's base offense level would be calculated as the sum of Offense Level 8 plus the sentencing guideline adjustment for the Movant's most serious prior conviction as determined by the Court and that his offense level would be reduced under the Attorney General's Early Disposition Program depending upon his criminal history.  On July 2,

2012, the Court sentenced Movant to a 61-month term of imprisonment followed by three years on supervised release.

Movant alleges three grounds for relief.  In Ground One, he asserts that counsel rendered ineffective assistance by failing to file a notice of appeal, to object to the presentence report, or to argue racial and ethnic motivation for downward departure and his cultural assimilation.  In Ground Two, he asserts that he was eligible for a sentence reduction based on racial and ethnic motivation.  In Ground Three, he asserts that he was eligible for cultural assimilation where he was brought to the United States as a child and has no family in Mexico.  Movant has also attached "Defendant's Motion Requesting Reduction of Sentence Based on 'Racial and Ethnic Motivation' Pursuant to U.S.S.G. §§ 5K2.0 and 5H1.10" in support of his grounds for relief.

**II.    Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  When this standard is satisfied, neither a hearing nor a response from the government is required.  *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

**III.   Waiver**

Movant has waived challenges to his sentence.  The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005).  It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights.  *United States v. Hamilton*, 391 F.3d 1066, 1071 (9th Cir. 2004).  In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face.  *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005).  A defendant may waive the statutory right to bring a § 2255 action challenging the length of the sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary.  *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable."  *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).  *See also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of Movant's plea agreement, Movant made the following waiver:

Providing the defendant's sentence is consistent with this agreement, **the defendant waives** (1) any and all motions, defenses, probable cause

determinations, and objections that the defendant could assert to the indictment or information; (2) **any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and 2255.** The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, **this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case**.

(Doc. 22 at 4) (emphasis added). Movant indicated in the plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (*Id.* at 6-7, 8-9.)

Movant's assertions in the § 2255 Motion pertain to sentencing and to counsel's alleged failure to file a notice of appeal, and not to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted the plea as voluntarily made. The post-judgment failure of Movant's attorney to file an appeal does not affect the validity of his waiver of the right to file a § 2255. Consequently, the Court finds that Movant waived the issues raised in the Amended § 2255 Motion. Therefore, the Court will summarily dismiss the § 2255 Motion.

**IT IS ORDERED:**

(1)     The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 27 in CR 12-0696-PHX-GMS) is **denied** and the civil action opened in connection with this Motion (CV 13-0959-PHX-GMS (BSB)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(2)     Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability

because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 7th day of August, 2013.

G. Murray Snow
United States District Judge